IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


SOUTHWEST REINSURE, INC.

      Plaintiff,

vs.                                              No. CIV-11-689 MCA/ACT

SAFFA REINSURANCE CO., LTD.,
VEHICLE EXTENDED REINSURANCE CO., LTD.,
and BAKERSFIELD GROUP REINSURANCE CO., LTD.,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on Plaintiff's Opposed Motion to Sanction Defendants for Participating in Settlement Mediation in Bad Faith filed on May 31, 2012 ("Motion to Sanction")[Doc. 37]; Defendants' Response in Opposition to Plaintiff's Motion to Sanction Defendants for Participating in Settlement Mediation in Bad Faith filed on June 20, 2012 [Doc. 45]; Plaintiff's Reply in Support of Motion to Sanction Defendants for Participating in Settlement Mediation in Bad Faith filed on July 7, 2012 [Doc. 47]; Defendants Motion for Leave to File a Surreply to Plaintiffs Reply filed on July 17, 2012 [Doc. 48]; and Plaintiff's Response to Motion for Leave to File a Surreply to Plaintiffs Reply filed on July 27, 2012 [Doc. 49].

      Plaintiff's Rely in Support of Motion to Sanction Defendants for Participating in Settlement Mediation in Bad Faith filed on July 7, 2012 [Doc. 47] was filed July 9, 2012.  It was

1

due on or before July 5, 2012.  The Local Civil Rules of the United States District Court for the District of New Mexico provide that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(a). There is no filed agreed extension for the deadline for Plaintiff's Reply [Doc. 47].  Therefore, the Plaintiff's Reply in Support of Motion to Sanction Defendants for Participating in Settlement Mediation in Bad Faith filed on July 7, 2012 [Doc. 47] will not be considered by the Court and Defendants' Motion for Leave to File a Surreply to Plaintiffs Reply filed on July 17, 2012 [Doc. 48] will be denied as moot.

Plaintiff alleges in its Motion to Sanction Defendants that Defendants violated the Court's Mediation Order [Doc. 27] by  leaving the mediation on May 30, 2012 after refusing to negotiate and also by announcing that they did not have settlement authority. [Doc. 37 at p. 2-3.] Plaintiff seeks sanctions based on the expenses spent by their representatives in attending two medications in the amount of $6,879.97.  Plaintiff has no affidavit to support their assertions. [1]

Defendants respond that at the two settlement conferences held by the mediator, Plaintiff presented a new and different basis for the amount it claimed as damages each time.  In anticipation of the May 24, 2012 settlement conference Defendants state that they understood Plaintiff's claims to be based on damages for uncollected premiums, known as "Producer Receivables" and that therefore a different entity owed Plaintiff its alleged damages. [Doc. 45 at pp. 4-5.]

At the May 24, 2012 settlement conference, Defendants state that Plaintiff claimed, for

---

[1] An affidavit was attached to the Plaintiff's Reply in Support of Motion to Sanction Defendants for Participating in Settlement Mediation in Bad Faith [Doc. 47 at Ex. A] however the Court will not consider it because of the untimely filing of the Reply.

the first time, that it was entitled to money from Defendants because of an alleged over-funding of the reinsurance companies. [Doc. 45 at p. 6 and at Ex. B and C.] This over-funding claim was different from the Producer Receivable claim in that Plaintiff was alleging that it had transferred too much money out of the Reserve Trust Account and into the Producer Owned Reinsurance Company ("PORC"). [Doc. 45 at p. 6.]   The mediation was continued until May 30, 2012 to allow Defendants to review all the documents that Plaintiff asserted would support its claimed damages based on overfunding. [Doc. 45 at p. 6 and at Ex. A; Doc. 33-7, email from P. Fish to A. Crow and D. Thuma on April 24, 2012.]

When the parties reconvened on May 30, 2012, Plaintiff raised yet another and different basis for it damages.  Specifically, it now asserted that it was entitled to Producer Receivables, money from overfunding of the reinsurance companies *and* damages for claims and claims expenses in 2006 allegedly paid on behalf of each Defendant. [Doc. 45 at p.7 and at Ex. B and C.] Defendants state that new damage claim "raises fundamentally different legal and factual issues than those claimed damages previously alleged." [*Id.*  at p. 8.] Defendants conclude that they did not "walk out" of the mediation but rather understood that the mediation session had ended and that Plaintiff had left the mediation. [Doc. 45 at p. 8 and at Ex. B and C.]

It appears to the Court that Plaintiff's evolving claim for damages made it difficult for Defendants to properly evaluate and respond to Plaintiff's offer(s) of settlement.  [*See* affidavits of Reza Bashirtash and Elias "Chuck" Haddad at Doc. 45 Ex. B and C respectively.] It also appears to the Court that there is a disagreement or at best a misunderstanding among the parties as to why and at whose request the May 30, 2012 mediation conference was ended.  Therefore, the Court will deny the Motion for Sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff's opposed Motion to Sanction

Defendants for Participating in Settlement Mediation in Bad Faith [Doc. 37] is hereby **DENIED** and Defendants' Motion for Leave to File a Surreply to Plaintiffs Reply [Doc. 48] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

_____
Alan C. Torgerson
United States Magistrate Judge