IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST REINSURE, INC.,

      Plaintiff,

vs.   Case. No. 11-CV-00689 MCA/KBM

SAFFA REINSURANCE CO., LTD., *et al.*,

      Defendants.

### ORDER ON MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

This case is before the Court upon Plaintiff's March 6, 2013 *Opposed Motion for Leave to File Third Amended Complaint* [Doc. 60]  The Court has considered the written submissions of the parties, the record in this case, the applicable law, and is otherwise fully advised in the premises.

Defendant argues that Plaintiffs' proposed claims are barred by the applicable statutes of limitations and therefore, that amendment should be denied because, under the authority of *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001),  it would be futile to add claims that are subject to immediate dismissal. [Doc. 65 at 14]   In its reply, Plaintiff has abandoned its motion as to proposed Counts  I-IV and VI-VII.  [Doc. 68 at 1]

**Proposed Count V**

In proposed Count V, Plaintiff seeks to add as defendants six California car dealerships, alleging that Plaintiff is subrogated to the contractual rights of Century Automotive Service Corporation, a creditor of the dealerships.  Century's right to payment from each dealership arises from a written "Producer Agency Agreement." [Doc. 65-1 at 16] Under New Mexico law,

the statute of limitations governing the subrogor's action against the alleged wrongdoer applies to the subrogee. *See Liberty Mut. Ins. Co. v . Warren*, 119 N.M. 429 (Ct. App. 1995). The applicable statutes NMSA 1978, 37-1-1 and -3, require that a plaintiff file its action for breach of a written contract "no later than six years 'after [its] causes accrue.'" *Zamora v. Prematic Serv. Corp.*, 936 F.2d 1121, 1122 (10th Cir. 1991). Plaintiff concedes that the applicable statute of limitations expired no later than December 18, 2012 [Doc. 68 at 2].

    The record establishes that this case was filed in state court on June 20, 2011, and removed to this court on August 5, 2011. On November 9, 2011, Plaintiff filed an Amended Complaint, but the Amended Complaint did not name the dealerships as defendants. On July 6, 2012, Plaintiff filed a motion to amend to which a copy of a proposed Second Amended Complaint was attached. [Doc. 46] Count V of the proposed Second Amended Complaint named the six dealerships as defendants. The Court granted leave to Plaintiff to file its Second Amended Complaint on November 1, 2012 [Doc. 54], but Plaintiff did not file its Second Amended Complaint. On March 6, 2013, Plaintiff filed the motion to amend now before the Court, to which Plaintiff attached a proposed Third Amended Complaint. Count V of the proposed Third Amended Complaint, which is identical to Count V of the Second Amended Complaint, names the six dealerships as defendants.

    The dispositive inquiry is whether "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii). Rule 4(m) assumes that service normally will be

effected within 120 days after the complaint is filed.[1]  The focus of the inquiry mandated by Rule 15(a)(1)(C)(ii) is what the *defendant* knew or should have known within the time prescribed by Rule 4(m).  *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 130 S. Ct.2485, 2493 (2010). Plaintiff, as the party seeking relation back, bears the burden of demonstrating that the requirements of Rule 15(c)(1)© have been satisfied. *Lister v. SMG Mgt.*, No. 11-1183-RDR, 2012 WL 2993889 (D. Kan. July 20, 2012).

The Court notes that in a related case, *Southwest Reinsure, Inc. v. Century Automotive Service*,  No. CIV 08-00894 JB/WDS, Plaintiff alleged in its complaint that "[o]ften the funds tendered by the [dealerships] with the [Vehicle Service Contracts]  were insufficient in amount, either intentionally, accidentally or as a result of mistakes in the applicable rate computation or commission percentage computation.  . . . Rather than attempting to collect the insufficiencies . . . . [Plaintiffs] would simply advance the correct amount of funds to the respective dealer's captive reinsurance company. . . ." No. CIV 08-00894 JB/WDS [Doc. 1 at 4]  There can be no doubt, given these allegations in an October 1, 2008 pleading, that when Plaintiff filed its original complaint in this action on June 20, 2011, it understood the exact role of the dealerships in the transactions that led to the filing of the present lawsuit.  Yet, Plaintiff omitted any claims against the dealerships. It was over a year later, on July 6, 2012, and well after the period provided by Rule 4(m) had expired, when Plaintiff filed a motion for leave to amend to which was appended a proposed Second Amended Complaint naming the dealerships as defendants, that the dealership defendants would have been put on notice of Plaintiff's intention to sue them.

---

[1]The notice of removal states that all defendants had been served prior to removal on August 5, 2011, ruling out the possibility that the 120 day period had been extended in this case upon a showing of good cause.

Plaintiff has not come forward with evidence that Rule 15(c)(1)(C)(ii) was satisfied: *i.e.*, that the proposed dealership defendants knew or should have known "within the period of time provided by Rule 4(m) for serving the summons and complaint" that Plaintiffs would have sued them but for a mistake concerning the proper party. "When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint  was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Krupski*, 560 U.S. at 2496.   Because proposed Count V does not relate back, it is barred by the six-year statute of limitations, and an amendment adding Count V would a futile exercise.  Accordingly, Plaintiff's motion to amend will be denied as to proposed Count V. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012 (10th Cir. 2013) (holding that district court did not err by denying leave to file an amended complaint subject to dismissal as time-barred).

**Proposed Count VIII**

Count VIII of the proposed Third Amended Complaint asserts a claim based on a new legal theory--open account--against the original defendants. Because proposed Count VIII does not attempt to add new defendants, relation back of proposed Count VIII is governed by Rule 15(c)(1)(B).  In contrast to Rule 15(c)(1)©, Rule 15(c)(1)(B) merely requires that proposed Count VIII assert "a claim . . . that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."  Based on a comparison of the original complaint [Doc 1-1] and proposed Count VIII,  the Court is satisfied that proposed Count VIII "arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading," and therefore relates back to the date of filing of the original complaint.

The remaining question is whether the statute of limitations for an open account ran prior

to June 20, 2011, the date of filing of the original complaint. Plaintiff points out that NMSA 1978, § 37-1-6 provides that the cause of action on an open account accrues "upon the date of the last item therein, as proved on the trial." Plaintiff has provided documentation of payments by Plaintiff to each of the reinsurance defendants in November 2007. Plaintiff has made a colorable showing that the four-year statute of limitations applicable to open accounts, NMSA 1978, 37-1-4, would not have run prior to the filing of the original complaint on June 11, 2011.

**WHEREFORE,**

**IT IS THEREFORE HEREBY ORDERED** that Plaintiff's *Opposed Motion for Leave to File Third Amended Complaint* [Doc. 60] is **denied** as to proposed Counts I through VII and is **granted** as to proposed Count VIII.

**IT IS FURTHER ORDERED** that Plaintiff shall have until January 30, 2014 to file its amended complaint.

So ordered this 23rd day of January, 2014.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge